**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EVERETT HOUCK,

   Plaintiff - Appellant,

 v.

OKLAHOMA CITY PUBLIC
SCHOOLS; OKLAHOMA CITY
AMERICAN FEDERATION OF
TEACHERS,

   Defendants - Appellees.

No. 06-6096

W. D. Oklahoma

(D.C. No. CIV-05-1246-HE)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit
Judges.

---

On October 27, 2005, Everett Houck, a former teacher in Oklahoma City,

filed a pro se complaint, and later an amended complaint, in the United States

District Court for the Western District of Oklahoma against the Oklahoma City

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Public Schools, Oklahoma City American Federation of Teachers (AFT), and four individuals, Bob Moore, Tim Bailey, Linda Scott, and Ed Allen. The district court liberally construed the complaints to raise the following claims: (1) a claim under the Americans with Disabilities Act (ADA); (2) a breach-of-contract claim; and (3) a claim of unfair representation against the AFT. Mr. Houck also filed a motion to compel discovery "to get information to clarify my complaint in this case." R. Doc. 20.

The district court denied Mr. Houck's motion to compel because it was unnecessary and did not comply with federal and local rules. It dismissed the individually named defendants because the complaints contained no allegations against them. It dismissed the ADA claim as untimely because it was "filed more than a year after the right to sue notice was mailed [by the Equal Employment Opportunity Commission]." R. Doc. 24 at 2. The court noted that it lacked diversity jurisdiction and declined to exercise supplemental jurisdiction over the unfair-representation and breach-of-contract claims, *see* 28 U.S.C. § 1367(c)(3), after determining that the former claim did not create federal-question jurisdiction because AFT members are employees of the Oklahoma City Public Schools, which is not an "employer" under the National Labor Relations Act. *See Aramark Corp. v. NLRB*, 179 F.3d 872, 874 (10th Cir. 1999) (en banc); *Strasburger v. Bd. of Educ., Hardin County Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 359-60 (7th Cir. 1998).

On appeal Mr. Houck argues only that his motion to compel discovery should have been granted and that "[t]he facts were not in evidence due to failure to answer discovery." Aplt. Br. at 4. He also states, "I feel the judge was biased because I do not have an attorney." *Id*. He has not explained, however, how the district court's ruling on the discovery motion was incorrect, or how it might have changed the outcome. *See Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999) (we review denial of a motion for discovery for abuse of discretion). Nor does he point to anything to show that the district court was biased against him. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) ("adverse rulings cannot in themselves form the appropriate grounds for disqualification" of a judge for bias (internal quotation marks omitted)).

We AFFIRM the judgment of the district court and DENY the motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-3-